## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF KENTUCKY

### AT PADUCAH

**FILED**

JUL 3 0 2009

JEFFREY A. APPERSON, **CLERK**
BY
DEPUTY CLERK

| | |
|---|---|
| LANCE WHITE and ANDREW DEWAYNE LY | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) |
| DREW DEGHETTO, Individually And as a Police Officer for the HOPKINSVILLE KENTUCKY POLICE DEPARTMENT, MARY HOLLAND Individually and as a Police Officer For the HOPKINSVILLE KENTUCKY POLICE DEPARTMENT, GUY HOWIE Individually and as Chief of Police of HOPKINSVILLE KENTUCKY POLICE DEPARTMENT and CITY OF HOPKINSVILLE KENTUCKY | ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

File No. *5:09CV-139-R*

JUDGE *Russell*

MAGISTRATE JUDGE _____
JURY DEMAND

## COMPLAINT

Come the Plaintiffs, **LANCE WHITE AND ANDREW DEWAYNE LY**, by and through their attorneys of record, Steven C. Girsky and Michael K. Williamson, and sue the Defendant, **DREW DEGHETTO, Individually And as a Police Officer for the HOPKINSVILLE KENTUCKY POLICE DEPARTMENT, MARY HOLLAND, Individually and as a Police Officer for the HOPKINSVILLE KENTUCKY POLICE DEPARTMENT, GUY HOWIE, Individually and as CHIEF OF POLICE of**

**HOPKINSVILLE KENTUCKY POLICE DEPARTMENT, and CITY OF HOPKINSVILLE, KENTUCKY,** and for cause of action state or aver as follows:

## I.   JURISDICTION

This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § § 1331, 1332, 1343 (a)(3), and 42 U.S.C. § 1983 and has supplemental jurisdiction to hear Plaintiffs' State claims pursuant to 28 U.S.C. § 1367.

## II.   VENUE

Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) cause of action occurred in this district.

## III.   PARTIES

1.   Plaintiff **LANCE WHITE** is an adult citizen and resident of CITY OF HOPKINSVILLE, Kentucky.

2.   Plaintiffs **ANDREW DEWAYNE LY** is an adult citizen and resident of CITY OF HOPKINSVILLE, Kentucky.

3.   Defendant **DREW DEGHETTO** is an adult citizen and resident of CITY OF HOPKINSVILLE, KENTUCKY, and at all times pertinent hereto, was a Sheriff's Deputy with the HOPKINSVILLE POLICE DEPARTMENT acting under the color and pretense of state law and within the course and scope of his employment with the **HOPKINSVILLE POLICE DEPARTMENT**. Defendant **DEGHETTO** is sued individually and in his official capacity as a member of the HOPKINSVILLE POLICE DEPARTMENT.

4.   Defendant **MARY HOLLAND** is an adult citizen and resident of CITY OF HOPKINSVILLE, KENTUCKY, and at all pertinent times hereto, was a Police Officer with the **HOPKINSVILLE POLICE DEPARTMENT** acting under the color and pretense of state law and within the course and scope of her employment with the HOPKINSVILLE POLICE

DEPARTMENT.  Defendant **HOLLAND** is sued individually and in her official capacity as a member of the HOPKINSVILLE POLICE DEPARTMENT.

5.     Defendant, **CITY OF HOPKINSVILLE**, is a municipality chartered by the Commonwealth of KENTUCKY and as such is a political subdivision of the Commonwealth of KENTUCKY, and among other functions operates and maintains a law enforcement agency known as the HOPKINSVILLE POLICE DEPARTMENT.   Defendant **CITY OF HOPKINSVILLE**, by and through the Sheriff, **GUY HOWIE**, and the HOPKINSVILLE POLICE DEPARTMENT, was and is under a duty to operate its policing activities in a lawful manner so as to preserve the peace of CITY OF HOPKINSVILLE and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States of America and the State of KENTUCKY.

6.     Defendant, **GUY HOWIE**, is the Chief of Police for the **HOPKINSVILLE POLICE DEPARTMENT**, and among his functions operates and maintains a law enforcement agency known as the **HOPKINSVILLE POLICE DEPARTMENT**. Defendant **GUY HOWIE**, and the **HOPKINSVILLE POLICE DEPARTMENT**, were and are under a duty to operate its policing activities in a lawful manner so as to preserve the peace of the City of Hopkinsville and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States of America and the Commonwealth of KENTUCKY.

7.     All acts of wrongdoings complained of herein occurred within this jurisdiction, CITY OF HOPKINSVILLE, Kentucky and within one year of the date of the filing of this cause of action, and this Court has proper jurisdiction.  Plaintiffs aver that the Defendants have waived sovereign immunity for their State law claims alleged herein.

3

8.      Each and all of the acts or omissions of Defendants were committed under the color and pretense of law and the Constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of KENTUCKY, and the CITY OF HOPKINSVILLE, KENTUCKY, and under the authority of their office as law enforcement officers for said state and County.

## IV.    FACTS

Plaintiffs hereby incorporate, in its entirety, this Complaint and each and every Paragraph contained herein, and by reference make such Paragraphs a part hereof as if fully set forth herein.


9.      This is a civil action brought under the authority of 28 U.S.C § 1983 as a consequence of deprivations, under color of law, of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Plaintiffs' additionally asserts state law claims against the Defendants for intentional infliction of emotional distress and for the negligent infliction of emotional distress, 28 U.S.C. § 1343 (a) (3) (4) (civil rights) for claims arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1367. (granting federal courts supplemental jurisdiction over related claims that form the same controversy under Article III).


10.     This Court has proper jurisdiction pursuant to 28 U.S.C. §1331, and 1343 and as to State law claims, the Court has supplemental/pendent jurisdiction pursuant to 28 U.S. § 1367 (a).

4

11.     On or about the 31st day of July, 2009, the Plaintiffs, **LANCE WHITE AND ANDREW LY,** were traveling on the streets of Hopkinsville, Kentucky;

12.     The Plaintiffs were approached by defendant **HOLLAND** who was operating her police cruiser and she turned on her blue lights in an effort to stop the Plaintiff vehicle ;

13.     While the plaintiffs did not initially heed the request to pull over a chase then ensued wherein defendant **DEGHETTO** who was operating his police cruiser began to pursue the Plaintiffs;

14.     Defendant **DEGHETTO** suddenly began firing gun shots from his service revolver toward the automobile of the Plaintiffs;

15.     The Plaintiffs were now fearful for their lives and ultimately wrecked their vehicle as a result of the actions of **HOLLAND** and **DEGHETTO;**

16.     The Plaintiffs allege that between 6 and 8 rounds were fired at them by Defendant **DEGHETTO;**


## V.      CAUSES OF ACTION

### LIABILITY

**COUNT I - CONSTITUTIONAL VIOLATIONS
DEFENDANTS DEGHETTO AND HOLLAND**

5

Plaintiffs hereby incorporate, in its entirety, this Complaint and each and every Paragraph contained herein, and by reference make such Paragraphs a part hereof as if fully set forth herein.

17.    Defendants **DEGHETTO, HOLLAND and HOWIE** committed the above-described actions and omissions jointly, under color of state law and by virtue of their authority as law enforcement officials for the **HOPKINSVILLE POLICE DEPARTMENT** and deprived the Plaintiffs of their clearly established rights, privileges, and immunities guaranteed to them by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §§ 1983 and 1988, and the KENTUCKY Constitution including, but not limited to:

a.    Freedom from the use of deadly, unreasonable, unjustified, and excessive force;
b.    Freedom from summary punishment;
c.    Conscious and deliberate indifference to serious medical needs;
d.    Freedom from arbitrary government action that is so outrageous as to shock the conscience of a civilized society; and
e.    Freedom from deprivation of life and liberty without due process of law.

18.    As a direct and proximate result of the joint actions and omissions of these Defendants, Plaintiff's constitutional rights were violated and the Plaintiffs sustained serious and permanent injuries.


## COUNT II - CONSTITUTIONAL VIOLATIONS
## GUY HOWIE AND CITY OF HOPKINSVILLE, KENTUCKY

Plaintiffs hereby incorporate, in its entirety, this Complaint and each and every Paragraph contained herein, and by reference make such Paragraphs a part hereof as if fully set forth herein.

19.    Defendants **HOWIE and CITY OF HOPKINSVILLE** are liable for the actions of Defendants **DEGHETTO** and **HOLLAND** because Defendants **HOWIE and CITY OF**

6

HOPKINSVILLE permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers' violating the constitutional rights of the public at large, including the Plaintiffs, during the course of their law enforcement applications. Specifically, Plaintiffs aver that the conduct of Defendants **DEGHETTO and HOLLAND** was in violation of the laws of the United States, the Commonwealth of KENTUCKY, and the City's own policies and procedures. Despite the fact that the conduct of Defendants **DEGHETTO and HOLLAND** was in violation of the laws of the United States, the Commonwealth of Kentucky, and the **CITY OF HOPKINSVILLE'S** own policies and procedures, Defendants **HOWIE and CITY OF HOPKINSVILLE** failed to reprimand or discipline such officers, thereby ratifying, condoning, acquiescing, and tolerating their conduct in this action in all respects.

20.     Further, Defendants **HOWIE and CITY OF HOPKINSVILLE** are directly liable for the unconstitutional actions of its officers involved in this incident due to the following rules, regulations, policies, practices, or customs of **CITY OF HOPKINSVILLE** and **HOPKINSVILLE POLICE DEPARTMENT** that were in effect at the time of this incident and were a proximate cause of injuries and damages sustained by the Plaintiff's:

a.      The Defendants knew or should have known that there was an obvious need for policies and procedures regarding the apprehension of traffic offenders and the proper use of force against citizens such as the Plaintiffs and failed to create and/or enforce proper policies and procedures with respect to the apprehension of traffic offenders and the use of force, creating an atmosphere where illegal and unconstitutional behavior is tolerated in deliberate indifference to and reckless disregard of the rights and welfare of the public at large, including the Plaintiffs;

b.      The Defendants knew or should have known that there was an obvious need for policies and procedures with respect to provision of medical attention to injured and/or pregnant persons such as the Plaintiffs and failed to create and/or enforce proper policies and procedures with respect to provision of medical attention to injured and/or pregnant persons, creating an atmosphere where illegal and unconstitutional behavior is tolerated in deliberate indifference to and reckless

disregard of the rights and welfare of the public at large, including the Plaintiffs;

c.  The Defendants knew or should have known that there was an obvious need for training with respect to the apprehension of traffic offenders, the use of force, and the provision of medical attention to persons such as the Plaintiffs but failed to provide adequate or proper training on these subjects to its officers, creating an atmosphere where officers act in an illegal and unconstitutional manner with respect to how they apprehend traffic offenders, utilize force on traffic offenders, and provide medical attention to injured and/or pregnant citizens in deliberate indifference to and reckless disregard of the rights of the public at large, including the Plaintiffs;

d.  The Defendants knew of the long-standing existence of a "code of silence" in the law enforcement community whereby officers will not report misconduct of fellow officers.  The Defendants further knew that to effectively combat the "code of silence," the Defendants must have a properly functioning Internal Affairs Department that scrutinizes the actions of its officers to determine whether its officers have complied with the law and the policies and procedures of the HOPKINSVILLE POLICE DEPARTMENT.  The Defendants further knew or should have known that if the Defendants failed to have a properly functioning Internal Affairs Department that investigates and disciplines officers for violations of the law and policies and procedures, officers will act inappropriately and unconstitutionally without fear of discipline, creating an atmosphere where such improper and unconstitutional actions are tolerated and ratified in deliberate indifference and reckless disregard to the rights of the public at large, including the Plaintiffs;

e.  The Defendants knowingly failed to discipline their officers with respect to violations of the laws of the State of KENTUCKY, the Constitution of the United States, and their own policies regarding the apprehension of traffic offenders, the use of force, and the provision of medical attention, creating a pattern, policy, practice, custom, or atmosphere where such unconstitutional behavior is tolerated, condoned, and accepted in deliberate indifference to and reckless disregard of the rights of the public at large, including the Plaintiffs;

f.  The Defendants knew or should have known to a moral certainty that their officers would have to apprehend traffic offenders, utilize force, and provide medical attention to persons such as the Plaintiffs but failed to provide their officers with proper equipment and supervision regarding the apprehension of traffic offenders, the use of force, and the provision of medical attention, creating an atmosphere where illegal and unconstitutional actions are committed by their officers and tolerated by these Defendants in deliberate indifference to and reckless disregard of the rights of the public at large, including the Plaintiffs;

8

g.   The Defendants failed to adequately monitor and evaluate the performance of their officers' actions with respect to the apprehension of traffic offenders, the use of force, and the provision of medical attention to citizens such as the Plaintiffs, creating an atmosphere where illegal and unconstitutional actions are committed by their officers and tolerated by these Defendants in deliberate indifference to and reckless disregard of the rights of the public at large, including the Plaintiffs;

h.   The Defendants failed to adequately investigate citizens' complaints, officer misconduct, and compliance with policy, creating an atmosphere where officers routinely violate policy and violate the constitutional rights of the public at large, including the Plaintiffs.

21.   Plaintiffs aver that the execution of the foregoing policies, practices, and customs of Defendants **HOWIE and the HOPKINSVILLE POLICE DEPARTMENT** proximately caused the Plaintiffs' injuries and damages.

22.   Alternatively, **CITY OF HOPKINSVILLE and GUY HOWIE** are directly liable for the federal constitutional violations committed by the Police Officers by virtue of the doctrines of *respondeat superior*, employer-employee relations, joint and several liability, vicarious liability, and/or agency.

23.   **CITY OF HOPKINSVILLE, KENTUCKY** by and through their agents and/or employees, committed the above-described actions and omissions jointly, under color of State law and by virtue of their authorities as law enforcement officials of the **HOPKINSVILLE POLICE DEPARTMENT** and/or CITY OF HOPKINSVILLE, KENTUCKY, and deprived the Plaintiffs of their clearly established rights, privileges and immunities guaranteed to them by the Eighth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §§ 1983 and 1988 and Article 1, §§ 8 and 16 of the KENTUCKY Constitution, including but not limited:

(a)     Conscious and deliberate indifference to serious medical needs;

(b)     Freedom from arbitrative government action is so outrageous as to shock the conscious of a civilized society;

(c)     Freedom from cruel and unusual punishment; and,

(d)     Freedom from deprivation of life and liberty without due process of law.


24.     As a direct and proximate result of the joint actions and omissions of the Defendants, the Plaintiffs' constitutional rights were violated and the Plaintiffs were seriously injured and damaged.

## COUNT III - INTENTIONAL TORTS
## DEFENDANTS DEGHETTO and HOLLAND

Plaintiffs hereby incorporate, in its entirety, this Complaint and each and every Paragraph contained herein, and by reference make such Paragraphs a part hereof as if fully set forth herein.


25.     The conduct of Defendants **DEGHETTO and HOLLAND** as described herein constitutes assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, excessive force and conspiracy under the law of the State of KENTUCKY.


26.     Plaintiff's aver that the Defendant **HOWIE** is liable for the intentional acts of his agents, employees and/or officers.

10

27.     The Plaintiff further avers that the Defendant, **CITY OF HOPKINSVILLE, KENTUCKY**, is liable for its own negligence in permitting and/or allowing its agents, employees, and/or deputies to commit intentional torts upon the Plaintiff's.

28.     As a direct and proximate result as set forth above and committed by these Defendants, the Plaintiffs sustained serious mental and physical injuries and damages.

29.     As a result of the intentional torts set forth above and committed by these Defendants, the Plaintiffs sustained serious and permanent injuries and damages.

## COUNT IV - NEGLIGENCE
## DEFENDANT CITY OF HOPKINSVILLE, KENTUCKY

Plaintiffs hereby incorporate, in its entirety, this Complaint and each and every Paragraph contained herein, and by reference make such Paragraphs a part hereof as if fully set forth herein.

30.     Defendant **CITY OF HOPKINSVILLE** has waived sovereign immunity for the negligent acts of its employees committed during the course and scope of their employment. Further, Defendant **CITY OF HOPKINSVILLE** is directly liable for the negligent acts of its employees committed during the course and scope of their employment.

31.     Pleading in the alternative, Plaintiffs aver that the conduct of Defendants **DEGHETTO AND HOLLAND** in chasing and shooting at the Plaintiffs and utilizing excessive force on all Plaintiffs amounted to negligence under the laws of the State of KENTUCKY.

11

32.     As a result of the negligence of Defendant **CITY OF HOPKINSVILLE'S**

Officers, the Plaintiffs' sustained serious and permanent injuries and damages.

## COUNT V

### (Violation of Civil Rights Pursuant to 42 U.S.C. § 1983, 1988-General Allegation)

33.     In committing the acts detailed herein, the Defendants acted under color of state

law, to deprive the Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth,

and Fourteenth Amendments to the constitution of the United States and the constitution of the

Commonwealth of KENTUCKY including, but not limited to: a) the right not to be deprived of

life and liberty without due process of law; b) the right not to be deprived of property without

due process of law; and c) the right to be free from excessive use of force by person acting under

color of state law.

34.     In violating Plaintiffs' rights as set forth above, the Defendants acted under color

of state law and conducted an unlawful assault by using unreasonable force and failing to take

appropriate measures to ensure the safety and welfare of the Plaintiffs;

35.     As a direct and proximate result of the violation of their constitutional rights by

Defendants, the Plaintiffs suffered general and special damages as alleged in this Complaint and

are entitled to relief under 42 U.S.C. § 1983 and 1988.  Such damages include, but are not

limited to, pain and suffering, emotional distress, and loss of enjoyment of life.

36.     The conduct of the Defendants was willful, malicious, oppressive, unlawful,

and/or exhibits a reckless regard for the health, safety, and welfare of the Plaintiff's, and was of

12

such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT VI

### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

### (Failure to Implement Appropriate Policies; Customs and Practices)

37.     The Defendant, **GUY HOWIE**, in his official capacity as Chief of Police for the **HOPKINSVILLE POLICE DEPARTMENT**, under color of law, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by the individually named Defendants by:

(a)     Failing to train, supervise and discipline any of the officers involved with regard to the protection of the constitutional rights of persons using the roadways in the CITY OF HOPKINSVILLE, KENTUCKY;

(b)     Permitting the policy and custom of using unreasonable force to exist and to continue, when the CITY OF HOPKINSVILLE was on notice that such unreasonable force was being used.

38.     The failure of the Defendant to take appropriate training, supervisory and disciplinary measures toward the deputies involved, evidences a deliberate indifference to the lack of proper training, supervision and disciplinary methods recognized as the standard of acceptable practice in CITY OF HOPKINSVILLE and similar communities.

39.     As a direct and proximate result of the violation of their constitutional rights by Defendants, the Plaintiffs suffered general and special damages as alleged in this Complaint and

are entitled to relief under 42 U.S.C. § 1983 and 1988. Such damages include, but are not limited to, pain and suffering, emotional distress, and loss of enjoyment of life.

## COUNT VII

**Violation of Civil Rights 42 U.S.C. § 1983 (Unreasonable and Excessive Force)**

40.     The conduct of the Defendants as described herein deprived the Plaintiffs of their right to be secure in their persons against unreasonable searches and seizures and to be free from the use of excessive and unreasonable force, and the deprivation of life and liberty under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

41.     The Defendants deliberately violated Plaintiffs rights under the United States Constitution's Fourth, Fifth, and Fourteenth Amendments in using excessive force to effect an arrest.

42.     The actions of the defendants in attempting to shoot and kill the Plaintiffs for violation of traffic laws is excessive and unreasonable.

43.     The Defendants attempted to shoot and kill the Plaintiffs without specific articulable facts as to what crime might have been committed or that the Plaintiffs were armed and dangerous.

44.     The manner in which Defendants conducted the high-risk felony stop described herein was unreasonable.

14

45.     The actions of the Defendants described herein violated clearly established constitutional rights of each of the Plaintiffs which reasonable persons and reasonable police officers would have known.


## COUNT VIII - PUNITIVE DAMAGES

### DEFENDANTS HOWIE, HOLLAND and DEGHETTO,

46.     Plaintiffs aver that acts and omissions of Defendants **HOWIE, DEGHETTO, and HOLLAND** as complained of herein were performed intentionally, willfully, maliciously, and recklessly, entitling Plaintiffs to a substantial award of punitive damages.


## COUNT IX - DAMAGES

47.     As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiffs have suffered severe injuries and seeks from the Defendants, both jointly and severally, recovery of all damages to which they may be entitled under both state and federal law including, but not limited to:

a.     Physical pain and suffering;
b.     Emotional pain and suffering;
c.     Medical expenses;
d.     Loss of enjoyment of life;
e.     Loss of wages;
f.     Loss of earning capacity;
g.     Hedonic damages;
h.     Pre- and post-judgment interest;
i.     Statutory and discretionary costs;
j.     Attorneys fees;
k.     Punitive damages against the individual Defendants;
        All such further relief, both general and specific, to which he may be entitled, all premises considered.

WHEREFORE, Plaintiffs respectfully prays that this Court render judgment in their favor for:

1.      Compensatory damages in an amount to be established at trial;

2.      Punitive damages an amount to be established at trial;

3.      Pre-judgment interest;

4.      Post-judgment interest;

5.      Reasonable attorneys fees and litigation expenses as provided pursuant to 42 U.S.C. § 1988 associated with being forced to litigate this action and to protect the Plaintiffs' rights under both state and federal law;

6.      A jury of six (6) to hear this cause; and,

7.      Such other relief as the Court may deem proper.

Respectfully submitted,

Steven C. Girsky, Bar # 87066
Attorney for Plaintiffs
503 Madison Street
Clarksville, TN 37040
(931) 552-5339

Michael K. Williamson, Bar # 91102
Attorney for Plaintiffs
114 Franklin Street
Clarksville, TN 37040
(931) 647-8500

ATTORNEYS FOR PLAINTIFFS

16