UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-139

LANCE WHITE and
ANDREW DEWAYNE LY                                             PLAINTIFFS

v.

DREW DEGHETTO, Individually and as a
Police Officer for the Hopkinsville Kentucky
Police Department; MARY HOLLAND, Individually
and as a Police Officer for the Hopkinsville Kentucky
Police Department; GUY HOWIE, Individually and
as Chief of Police of Hopkinsville Police Department;
and CITY OF HOPKINSVILLE, KENTUCKY                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant City of Hopkinsville, Kentucky's Motion in Limine (Docket #36) and Second Motion in Limine (Docket #39). Plaintiffs have responded (Docket #40, 41). This matter is set for trial on March 21, 2011.

## BACKGROUND

On the evening of July 31, 2008, Plaintiffs Andrew Dewayne Ly and Lance White were involved in an incident with the Hopkinsville Police Department which resulted in the filing of the present civil lawsuit against members of the police force and the City of Hopkinsville, Kentucky. On December 23, 2010, the Court granted summary judgment in favor of Defendants as to all of Plaintiffs' claim except for the respondeat superior claim against the City based upon the conduct of Officer Drew Deghetto.[1] The Court held that "there is a genuine issue of material fact as to whether Officer Deghetto used a greater amount of force than was reasonably

---

[1] Officer Deghetto is not yet before the Court because Plaintiffs have been unable to effect service of process.

necessary under the circumstances." Mem. Op., Dec. 23, 2010, DN 32, p. 19. "If the jury finds that Officer Deghetto's actions were unreasonable, and that Officer Deghetto was acting within the scope of his employment and in furtherance of the City's interests, the City may be held liable under a respondeat superior theory." *Id.* This matter is set for trial on March 21, 2011. The City has now filed two motions in limine which seek to prohibit Plaintiffs from offering into evidence Officer Deghetto's prior discipline and the incidents which gave rise to those disciplinary actions, Officer Deghetto's alleged violations of Hopkinsville Police Department policy as noted in the investigatory findings following the July 31, 2008, incident, and the personnel records of Officer Deghetto and Captain Holland.

## DISCUSSION

**I.     Officer Deghetto's Prior Disciplinary Actions**

First, Defendant argues that Officer Deghetto's prior disciplinary actions are irrelevant to this case. Both parties agree that the jury will have to determine: (1) whether Officer Deghetto used excessive force in stopping and arresting Plaintiffs; (2) whether he was acting in the course and scope of his employment as an officer of the Hopkinsville Police Department; and (3) what damages, if any, Plaintiffs suffered as a result of Officer Deghetto's impermissible conduct. Defendant argues that Officer Deghetto's prior disciplinary actions are not relevant because they do not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The Court briefly discussed Officer Deghetto's prior discipline in a footnote in the December 23, 2010, Memorandum Opinion:

> The parties note that Officer Deghetto had a prior disciplinary record with the police department. In January of 2007, Officer Deghetto received an oral warning for taking breaks without checking in, falsifying activity logs, and having liaisons with a female while on duty. Then in March of 2008 he had received oral counseling for failure to show up at two court appearances. Finally, Officer Deghetto received oral counseling for allowing incidents in his personal life to influence his professional actions in April of 2008.

DN 32, p. 3 n. 3. Plaintiffs argue that these actions represent a "pattern of disregard for the rules and regulations of the Hopkinsville, Kentucky Police Department [that] at the very least exhibits [Officer Deghetto's] rogue nature and his tendency to ignore the policies and procedures promulgated by the Hopkinsville Police Department." Pl.'s Resp., DN 40, p. 2. In essence, Plaintiffs are attempting to introduce this evidence as character evidence, which is inadmissible "for the purpose of proving action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a). Accordingly, the Court GRANTS Defendant's motion in limine.

## II. Officer Deghetto's Violation of Police Department Policy

Next, Defendant seeks to prevent Plaintiffs from introducing evidence of the internal police investigation and disciplinary findings which took place after the night in question. An internal investigation conducted by the police department determined that Officer Deghetto violated several police policies by conducting two rolling roadblocks without permission, involving more than three vehicles in a police pursuit, firing at Ly's vehicle when the use of deadly force was unwarranted, and failing to properly activate his mobile video system. Officer Deghetto was suspended without pay for thirty days. Following his suspension, Officer Deghetto resigned from the Hopkinsville Police Department.

Defendant argues that only the facts and conclusions of the internal investigation regarding Officer Deghetto's use of his firearm are relevant to this case. The other infractions

have no bearing on the alleged excessive force used by Officer Deghetto. The Court agrees. The fact that Officer Deghetto was reprimanded for failing to get permission prior to using a rolling roadblock is not relevant to this case. Reprimand for violation of a department policy does not demonstrate that an officer used excessive force. Further, while Plaintiffs assert that Officer Deghetto's video evidence would have been extremely beneficial in determining whether he used excessive force, Plaintiffs fail to demonstrate how an internal investigation of this issue would "make the existence of any fact . . . more or less probable . . . ." Fed. R. Evid. 401. Finally, Plaintiffs do not argue that disciplinary action against Officer Deghetto for violation of department policy involving the use of three or more vehicles in the pursuit is relevant.

The Court notes that Plaintiffs *may* introduce evidence of Officer Deghetto's actions on the night in question and that these actions violated police department policy. The internal investigation into these matters and whether Officer Deghetto was reprimanded, however, do not appear to be relevant to this case. Should Plaintiffs believe this evidence becomes relevant during trial, counsel is free to approach the bench to discuss this matter further. The motion is GRANTED IN PART and DENIED IN PART.

### III. Personnel Files of Officer Deghetto and Captain Holland

Finally, Defendant seeks to exclude the personnel files of Captain Holland and Officer Deghetto because this evidence is not relevant to the present case. Plaintiffs assert that such evidence is necessary to show "Officer Deghetto's history of disobeying and ignoring Hopkinsville Police Department Policies and Procedures made it reasonably likely that he would commit future violations of policy." Pl.'s Resp., DN 41, p. 4. As noted in the first section of this Memorandum Opinion, such character evidence is impermissible. *See* Fed. R. Evid. 404.

4

Although Plaintiffs cite to Federal Rule of Evidence 406 in support of the evidence's admissibility, Rule 406 concerns "[e]vidence of the habit of a person or of the routine practice of an organization . . . ." Fed. R. Evid. 406. Although Rule 406 allows a party to introduce evidence of a habit to show conformity, the information in Officer Deghetto's personnel file is not evidence of habit. *See Perotti v. Seiter*, 869 F.2d 1492 (Table), Nos. 87-3532 & 87-3533, 1989 WL 15952, at *5 (6th Cir. Feb. 16, 1989) ("[T]he defendant's argument that the evidence was properly admitted pursuant to Fed. R. Evid. 406 as evidence of Perotti's 'habit' for breaking disciplinary rules is wholly meritless."); *Eaves v. United States*, No. 4:07CV-118-M, 2009 WL 3754176, at *7 (W.D. Ky. Nov. 5, 2009) (noting that evidence of habit must be a specific, uniform response that is "semi-automatic" in nature). Accordingly, the Court GRANTS Defendant's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion in Limine (Docket #36) and Second Motion in Limine (Docket #39) are GRANTED IN PART and DENIED IN PART.