UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-139

LANCE WHITE and
ANDREW DEWAYNE LY                                                              PLAINTIFFS

v.

DREW DEGHETTO, Individually and as a
Police Officer for the Hopkinsville Kentucky
Police Department; MARY HOLLAND, Individually
and as a Police Officer for the Hopkinsville Kentucky
Police Department; GUY HOWIE, Individually and
as Chief of Police of Hopkinsville Kentucky Police
Department; and CITY OF HOPKINSVILLE KENTUCKY                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Relief from Grant of Summary Judgment (Docket #42). This matter is set for trial on March 21, 2011. Plaintiffs' motion was filed on March 15, 2011. The Court now considers this motion.

## BACKGROUND

On the evening of July 31, 2008, Plaintiffs Andrew Dewayne Ly and Lance White were involved in an incident with the Hopkinsville Police Department which resulted in the filing of the present civil lawsuit against members of the police force and the City of Hopkinsville, Kentucky. On December 23, 2010, the Court granted summary judgment in favor of Defendants as to all of Plaintiffs' claim except for the respondeat superior claim against the City based upon the conduct of Officer Drew Deghetto.[1] This matter is set for trial on March 21, 2011. Plaintiffs now ask the Court to reconsider a portion of its summary judgment order.

---

[1] Officer Deghetto is not yet before the Court because Plaintiffs have been unable to effect service of process.

**STANDARD**

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

**DISCUSSION**

Plaintiffs ask the Court to reconsider its December 23, 2010, ruling. Specifically, Plaintiffs seek relief from the grant of summary judgment in regard to the issues of supervisory liability of Chief Guy Howie and failure to train on the part of the City. In support of this argument, Plaintiffs present a memorandum from Shooting Review Board's evaluation of the shooting incident which gave rise to this case. That memorandum states, in part:

> There are training considerations and tactical considerations as well that should and will be addressed in the future. Also as policy states we are to determine the quality of supervision on the incident. The committee feels that there was a lack of supervision during this incident. The incident could have possibly been avoided if the supervisors would have maintained better control of the situation.

DN 42-1, p. 1. Plaintiffs argue that this memorandum is sufficient to create a genuine issue of material fact as to the City's failure to train and Chief Howie's supervisory liability.

The Court discussed both issues in its December 23, 2010, Memorandum Opinion and determined that Plaintiffs have failed to present enough evidence to create a genuine issue of

material fact as to either issue. As to the issue of supervisory liability, the Court held:

> Plaintiffs cannot establish that Captain Holland or Chief Howie are liable under a supervisory liability theory. A § 1983 claim "'must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009)). Plaintiffs have failed to present any evidence that Captain Holland encouraged Officer Deghetto's use of excessive force. In fact, Captain Holland reported "shots fired" over the radio and remained completely unaware that the shots had come from Officer Deghetto's weapon until after Plaintiffs were arrested. Moreover, there is no proof that Captain Holland authorized or approved any of the officers' actions after the vehicle crashed into the ditch. Thus, Plaintiffs have failed to create a genuine issue of material fact as to Captain Holland's supervisory liability. Likewise, Chief Howie clearly condemned Officer Deghetto's conduct by disciplining him following the incident. There is no evidence that Chief Howie played any role in the events of that night, or that Chief Howie encouraged the conduct of any of the officers. Therefore, Plaintiffs have also failed to create a genuine issue of material fact as to Chief Howie's supervisory liability.

Mem. Op., DN 32, p. 10-11. The Court finds that the memorandum now presented to the Court for consideration still fails to establish that Chief Howie played any affirmative role in the events of the night in question. Thus, Plaintiffs' motion is denied as to the supervisory liability claim against Chief Howie.

As to the failure to train and supervise claim against the City, the Court discussed the proper standard to be applied and ruled that Plaintiffs' evidence failed to meet that standard. The Court's discussion of this issue was as follows:

> Plaintiffs also allege that the City is liable for failure to properly train its employees, and should be held liable under § 1983.
>
> > "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "Respondeat superior or vicarious liability will not attach under § 1983." *Id.* "Allegations that a particular officer was improperly trained are insufficient to prove

3

> liability, as are claims that a particular injury could have been
> avoided with better training." *Sova v. City of Mt. Pleasant*, 142
> F.3d 898, 904 (6th Cir. 1998). Only where a municipality's failure
> [ ] to train or supervise its employees in a relevant respect
> evidences a "deliberate indifference" to the rights of its inhabitants
> can such a shortcoming be properly thought of as a city "policy or
> custom" that is actionable under § 1983. *See Oklahoma City v.
> Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).
> "Deliberate indifference is a stringent standard of fault, requiring
> proof that a municipal actor disregarded a known or obvious
> consequence of his action." *Board of County Comm'rs v. Brown*,
> 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

*Fultz v. Whittaker*, 261 F. Supp. 2d 767, 780 (W.D. Ky. 2003). In this case, Plaintiffs have alleged that Officer Deghetto was improperly trained by the City, as evidenced by his actions on the night of July 31, 2008. Plaintiffs also argue that inadequate training is demonstrated by the other officers' conduct in arresting Plaintiffs by breaking the windows of the vehicle and pulling Plaintiffs out through those same windows. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Harris*, 489 U.S. at 390. Instead, the focus should be on the adequacy of the training program, and determining whether "the identified deficiency in a city's training program [is] closely related to the ultimate injury." *Id.* at 391.

Moreover, Plaintiffs may not argue that there should have been "better or more training," because "[s]uch a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program . . . ." *Id.* Plaintiffs have failed to assert a genuine issue of material fact that there was any inadequacy in the City's training program, other than asserting that Officer Deghetto was not properly trained and officers should not have broken the car windows to arrest Plaintiffs. Plaintiffs' evidence fails to connect the officers' actions to the training program endorsed by the City, and Plaintiffs have failed to identify any deficiency in the training program. As the Supreme Court stated in *Harris*, this is not enough to make out a claim for failure to train.

In addition, Plaintiffs have failed to allege deliberate indifference on the part of the City. A claim against the City for failure to train under § 1983 "can only yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Id.* at 392. The police department had specific policies regarding rolling roadblocks and the use of deadly force in police pursuits. Officer Deghetto's conduct directly violated these policies. The police department conducted an internal investigation and Officer Deghetto was suspended for 30 days without pay. Deliberate indifference is a

> stringent standard, *see Fultz*, 261 F. Supp. 2d at 780, and Plaintiffs have failed to create a genuine issue of material fact that such deliberate indifference existed in this case.

Mem. Op., DN 32, p. 11-13. The memorandum presented by Plaintiffs fails to create a genuine issue of material fact of failure to train and supervise on the part of the City. There is no showing that the City disregarded a known or obvious consequence and no allegation within the memorandum of a failure to properly train. Instead, the memorandum merely suggests training and tactical considerations that should be addressed in the future. The memorandum appears to, at most, allege that the officers could have been trained better and such considerations should be taken into account in the future. As noted in the Court's previous opinion, this is not enough to establish a failure to train claim. In addition, Plaintiffs still fail to identify a particular deficiency in the training program that is linked to the injury here.

Plaintiffs attempt to pair the Shooting Review Board memorandum with Officer Deghetto's prior actions to establish a genuine issue of material fact. Plaintiffs fail to consider, however, that Officer Deghetto's disciplinary history does not relate to his actions in this case. Thus, this does not establish deliberate indifference and Plaintiffs' argument must fail.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Grant of Summary Judgment (Docket #42) is DENIED.